UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DENNIS K. SUDBERRY,

    Petitioner,

vs.

ISIDRO BACA, *et al.*,

    Respondents.

Case No. 3:14-cv-00663-HDM-VPC

**ORDER**

This action is *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

This Court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing Section 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."  *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)).  The instant petition does not attack the legality or duration of

petitioner's confinement. Rather, the petition challenges petitioner's conditions of confinement while incarcerated in prison. Petitioner alleges that he was injured by another inmate because prison staff failed to protect him, in violation of his Eighth Amendment rights. Petitioner seeks monetary relief from prison officials. Thus, his claims are not appropriate for habeas corpus relief. Challenges to the conditions of confinement are more appropriately raised in a civil rights action filed pursuant to 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Crawford v. Bell*, 599 F.2d at 891-92.

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** for failure to state a cognizable habeas corpus claim. The dismissal is without prejudice to petitioner raising his claims in a civil rights action pursuant to 42 U.S.C. § 1983, filed in a new case.

**IT FURTHER IS ORDERED** that the Clerk of the Court shall send petitioner two copies of an *in forma pauperis* application form for a prisoner, one copy of the instructions for same, two copies of a blank 42 U.S.C. § 1983 prisoner civil rights form, and one copy of instructions for the

1 | same.  The Clerk shall also send petitioner a copy of the petition and all documents submitted in this
2 | action, at ECF No. 1.

      **IT IS FURTHER ORDERED** that petitioner may file a civil rights complaint and *in forma pauperis* application in a new action, but he may not file further documents in this action.

      **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

      **IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

      Dated this 30th day of December, 2014.

*[signature: Howard D. McKibben]*

UNITED STATES DISTRICT JUDGE